UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JEFFREY McEARCHEN, DANIEL
LAWSON and THOMAS C. WOLFE,
individually and on behalf of all other
persons similarly situated,

                                    **MEMORANDUM AND ORDER**

            Plaintiffs,               13-CV-03569 (FB) (JO)

    -against-

URBAN OUTFITTERS, INC.,

            Defendant.
------------------------------------------------x

*Appearances:*

| *For the Plaintiffs:* | *For the Defendant:* |
|---|---|
| SETH R. LESSER, ESQ. | THOMAS J. BARTON, ESQ. |
| FRAN L. RUDICH, ESQ. | Drinker Biddle & Reath LLP |
| MICHAEL J. PALITZ, ESQ. | One Logan Square, Suite 2000 |
| RACHEL BERLIN, ESQ. | Philadelphia, PA 19103 |
| Klafter Olsen & Lesser LLP | |
| Two International Place, Suite 350 | WILLIAM R. HORWITZ, ESQ. |
| Rye Brook, NY 10573 | Drinker Biddle & Reath LLP |
| | 600 Campus Drive |
| MARK S. HEPWORTH, ESQ. | Florham Park, NY 07932 |
| CHARLES GERSHBAUM, ESQ. | |
| DAVID A. ROTH, ESQ. | |
| MATTHEW A. PARKER, ESQ. | |
| Hepworth Gershbaum & Roth PLLC | |
| 192 Lexington Ave., Ste. 802 | |
| New York, NY 10016 | |

JUSTIN M. SWARTZ, ESQ.
OSSAI MIAZAD, ESQ.
NAOMI B. SUNSHINE, ESQ.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

GREGG I. SHAVITZ, ESQ.
SUSAN H. STERN, ESQ.
Shavitz Law Group, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432

**BLOCK, Senior District Judge:**

On August 16, 2013, Plaintiffs brought this collective action against Defendant Urban Outfitters, Inc. ("Urban") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On May 7, 2014, Magistrate Judge Orenstein issued an order (the "Order") conditionally certifying the action and authorizing notice to potential opt-in plaintiffs under 29 U.S.C. § 216(b).[1] Urban seeks to set aside the Order as "clearly erroneous ... [and] contrary to law" under FED. R. CIV. P. 72(a). After reviewing the record and the parties' submissions, the Court denies Urban's motion. Accordingly, the Order is affirmed.

**I.**

The Court will set aside a non-dispositive ruling of a magistrate judge only if it is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

---

[1] The Magistrate had the authority to grant conditional certification in the first instance because such a determination is a non-dispositive matter. *See Lazo v. Queens Health Food Emporium, Inc.*, No. 11-CV-5848, 2012 WL 2357564, at *2 (E.D.N.Y. June 20, 2012) ("Motions for conditional certification of collective actions are non-dispositive pretrial matters.").

2

conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (internal citation and quotations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Summa v. Hofstra University*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (internal quotations omitted).

## II.

Urban argues that conditional certification is improper because there is no evidence that Plaintiffs are similarly situated to members of the putative collective. To obtain conditional certification, plaintiffs must initially show that putative collective action members are similarly situated. *Myers v. Hertz*, 624 F.3d 537, 555 (2d Cir. 2010). Upon conditional certification, courts authorize notice to potential opt-in plaintiffs. *See Ahmed v. T.J. Maxx Corp.*, No. 10-CV-3609, 2013 WL 2649544, at *7 (E.D.N.Y. June 8, 2013). After the completion of discovery, the action may be decertified if the record reveals that opt-in plaintiffs are not similarly situated to the named plaintiffs. *Myers*, 624 F.3d at 555.

Plaintiffs can obtain conditional certification by making a modest factual showing that they and potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA. *Id.* Conditional certification cannot be based on unsupported assertions. *Id.* However, it is fairly lenient and typically granted. *See*

3

*Ravenell v. Avis Budget Car Rental, LLC*, No. 08-CV-2113, 2010 WL 2921508, at *2 (E.D.N.Y. July 19, 2010).

Urban contends that the Magistrate's determination was based solely on its position that all putative collective action members were properly classified as exempt under the FLSA. The Court disagrees. The record included numerous admissions by Urban's counsel regarding similarities in job duties among putative collective action members. During a conference with the Magistrate, Urban's counsel stated that:

> They're responsible for all the employees in the store. They spend large periods of time serving the role as manager on duty which means that they are the top supervisor in the store. There is no store manager there. There's no assistant store manager there. So they're not just responsible for their own individual department. They have significant responsibilities around increasing sales and directing the employees, conducting performance reviews, hiring and there's a whole range of duties that they perform.

Dkt. No. 35 (Transcript of Proceedings held on 1/31/14) at 11-12. Urban's counsel further asserted that "all" members of the putative collective "have a very high level of responsibility within the store" and that he would be "very, very surprised" if additional discovery revealed differences in job duties among them. *Id.* at. 12. Thus, the Magistrate relied on Urban's own representations that members of the putative collective are similarly situated with respect to their job duties.

The record also included relevant corporate documents. Urban's Form 10-K noted that "[e]ach store manager is responsible for overseeing the daily operations of

... our stores" and that the staff of an Urban store includes "a visual manager, several department managers and a full and part-time visual staff." Dkt. No. 13 (Amended Complaint) at 8 (citing Urban's Form 10-K at 7). In the Form 10-K, Urban uniformly categorizes department managers as subordinate staff. As such, it evinces additional commonalities among potential opt-in plaintiffs. *See Ravenell*, 2010 WL 2921508 at *4 ("Plaintiffs' argument is buttressed by [Defendant's] own corporate documents....").

Urban's admissions and corporate documents satisfy the lenient conditional certification standard. Accordingly, the Magistrate's determination was neither clearly erroneous nor contrary to law.

### III.

For the foregoing reasons, Urban's motion is denied and the Order is affirmed.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 23, 2014