UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEFFREY MCEARCHEN *et al.*,

                  Plaintiffs,

               - against -

URBAN OUTFITTERS, INC.,

                  Defendant.
-------------------------------------------------------------------X

**MEMORADUM ORDER**

13-CV-3569 (RRM) (JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

        The parties seek court approval of a proposed Stipulation (Doc. No. 272-1) that will toll the FLSA statute of limitations for sixty days to allow counsel for plaintiffs and opt-in plaintiffs "sufficient time to adequately inform each of the 165 Opt-ins of their legal rights and options." (Ltr., 4/21/2017 (Doc. No. 272).) As evidenced by the cases cited by plaintiffs (*see id*.), courts grant such tolling in the face of decertification in some cases, but decline to so do in other cases.

        Here, defendant's consent to tolling is specifically conditioned "*in exchange for Plaintiffs and Opt-Ins not submitting any objections to Judge Orenstein's decision* [recommending decertification]." (*Id*.) (emphasis added). Counsel for plaintiffs and opt-in plaintiffs state simply they "believe that this agreement is in the [sic] best interest of our clients," but indicate that they had "intended to submit objections" to Judge Orenstein's Report and Recommendation "because Plaintiffs respectfully disagree with the decision." (*Id*.) [1]

        Neither the Stipulation, nor the letter accompanying it, set forth any facts or legal argument for why this court should grant tolling in this case; nor do the parties indicate what will come of the pending motions regarding certification of the collective and the magistrate judge's

---

[1] In fact, the proposed Stipulation is dated the day that plaintiffs' objections were due. At their request, plaintiffs' counsel were given additional thirty days for objections in order to accord them time to discuss with the many opt-in plaintiffs whether or not to file objections. (*See* Doc. Nos. 269, 270.)

recommendation, or the claims of plaintiffs and opt-in plaintiffs.[2]  None of the cases cited by plaintiffs present in the same procedural posture as this case – that is, in the face of a *recommendation* to decertify with no binding ruling on the issue.[3]  And none condition tolling on the relinquishment of a plaintiff's valid objections to a Report and Recommendation recommending decertification, in exchange for the defendant employer's agreement to extend the statute of limitations on arguably stale claims that it may have to defend if the opt-in plaintiff (large in number and geographically diverse) pursue their claims in other courts.

The court can appreciate the desire of parties to strike a bargain to avoid litigation risk, which may be the case here.  But that alone is not a sufficient basis on which this court can determine the proper exercise of its equitable powers to toll the statute of limitations, particularly here, where the parties have provided no explanation of the costs, benefits, or effect of tolling, instead leaving the court to speculate as to why tolling is appropriate in this four-year old litigation at this stage of its legal life.

The court is willing to consider the parties' joint request, but not without supplemental briefing to address the concerns raised herein, to be filed by May 11, 2017.

                                       SO ORDERED.

Dated: Brooklyn, New York                 *Roslynn R. Mauskopf*
       May 3, 2017
                                            ROSLYNN R. MAUSKOPF
                                            United States District Judge

---

[2] In fact, the parties have not even indicated when the statute of limitations expired, if it has at all, as no court has yet to decertify the collective.  *See Scott v. Chipotle Mexican Grill*, 12-cv-8333 (ALC), 2017 U.S Dist. LEXIS 59753 at *26 (S.D.N.Y. April 18, 2017) (noting that in §216(b) collective actions, the statute of limitations resumes after a court's determination to decertify a class) (citation omitted).

[3] In *Sliger v. Prospect Mortg., LLC*, defendants were poised to file a motion to decertify, and instead, the parties agreed that the matter should no longer proceed as a collective action and asked the court to dismiss the opt-in plaintiffs without prejudice.  The court granted these requests, but declined to toll the statute of limitations.  2012 WL 6005711 (E.D. Cal. Nov. 20, 2012).